**FILED**
**NOVEMBER 19, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ANDREW DAVIDSON, PRO SE, § <br> TDCJ-CID No. 525545 § <br> Previous TDCJ-CID No. 285737, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> P. SLOAN, JERRY SLOAN, § <br> MAJOR JOE GRIMES, MARY HOLLIGAN, § <br> JAMIE BAKER, and § <br> WP BILL CLEMENTS UNIT OF § <br>    AMARILLO, TEXAS, § <br> § <br> § <br> Defendants. § | 2:09-CV-0224 |

**REPORT AND RECOMMENDATION**

The instant cause was filed in the United States District Court for the Southern District of Texas, Galveston Division on August 19, 2009 and was received by transfer to the United States District Court for the Northern District of Texas, Amarillo Division, on September 8, 2009.

Plaintiff ANDREW DAVIDSON, acting pro se and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915.

By his complaint, plaintiff alleges that, on or about March 19, 2007, he was reclassified upon transfer to the Clements Unit after being informed his earlier favorable classification while at Ellis had been erroneous. Plaintiff alleges another inmate, who was Hispanic, was promoted

to S-3 from S-4 at that time and states he "feel[s] this was gross staff abuse of prisoner's rights" and says he "feel[s] as if [he] was/were being discriminated against because of [his] color/race, and size, etc."

Plaintiff says he complained at the time that this would affect his chances of making parole and alleges that, on May 29, 2007, he received a set off until May of 2010.

Plaintiff requests that his S-3 classification be restored, that his parole be reheard, and that he be granted an award of $25,000.00 in punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**Malicious Litigation**

Plaintiff and his claim are both familiar to this Court. He asserted it in cause no. 2:07-CV-0268 in *Davidson v. Holligan, Grime, and Baker*, which was dismissed with prejudice as frivolous and without prejudice for failure to state a claim on which relief can be granted. No appeal was taken.

Plaintiff's requests for a new parole hearing and return of his classification, as well as his claim of discrimination and the effect of his class demotion on his possibility of parole were given a detailed analysis in cause no. 2:07-CV-0268; and plaintiff has added nothing new in this present restatement of his claims.

The Court finds the instant cause is duplicative of cause no. 2:07-CV-0268. Repetitive litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. section 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Consequently, the instant cause should be dismissed as malicious. 28 U.S.C. § 1915(e)(2); *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989).

**Statute of Limitations**

Moreover, plaintiff's claims are now barred by operation of limitations. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.

1993). The last incident forming the basis of plaintiff's claims occurred in May of 2007, well outside the two-year period of limitations for a lawsuit filed in August of 2009. Limitations has expired, and any claims plaintiff is attempting to assert have expired with it. Consequently, plaintiff's claims also lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, section 1915(e)(2)(B), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff ANDREW DAVIDSON be DISMISSED WITH PREJUDICE AS MALICIOUS AND AS FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of November 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

4

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).